Argued and submitted April 3, the judgment of the Oregon Tax Court affirmed
May 30, 1991

James F. STILWELL,
Raymond K. Ingold, Arthur P. Nye,
Norma Jean Nye, Jean Conway, Arthur McDonough
and Francine C. McDonough,
*Appellants,*

*v.*

DEPARTMENT OF REVENUE,
*Respondent.*

(TC 2922; SC S37552)

811 P2d 1373

William M. Ganong, Klamath Falls, argued the cause and filed the brief on behalf of appellants.

Ted Barbera, Assistant Attorney General, Salem, argued the cause on behalf of respondent. With him on the brief was Dave Frohnmayer, Attorney General, Salem.

GILLETTE, J.

## GILLETTE, J.

In this tax case, Taxpayers, owners of approximately 127 acres in Klamath County, challenge the county's refusal to assess their property at "farm use value," as that term is defined in ORS chapters 215 and 308, for the 1987 tax year. Before 1987, the property had been assessed at farm use value. Denial of that assessment status significantly increased Taxpayers' taxes. The Department of Revenue and the Oregon Tax Court upheld the assessment. Taxpayers appealed to this court. We affirm.

The property in question is not within an area zoned for farm use. Instead, it is zoned for industrial use and is located inside the Klamath Falls urban growth boundary. Historically, the property has been used as irrigated cattle pasture. It was leased for that purpose for calendar years 1983 through 1986. The owners were unable to lease the property in 1987, which led to the county assessor's disqualification of the property for "farm use" treatment due to "lack of income."

In order to qualify for "farm use" treatment, property must satisfy certain requirements. One requirement is that the property produce at least a certain amount of gross income. ORS 308.372(1) provides:

> "[F]armland that is not within an area zoned for farm use * * * is not used exclusively for farm use unless in three out of the five calendar years immediately preceding the assessment date the farmland was operated as a part of a farm unit that has produced a gross income from farm uses in the amount provided in subsection (2) of this section."

Although the assessor's original stated reason for disqualifying the property was "lack of income," the parties now agree that the income requirements of ORS 308.372(1) and (2) have been met. The Department's decision affirming the assessor (and, in turn, the decision of the Oregon Tax Court affirming the Department) was based on failure of the property to meet another part of the "farm use" definition.

To qualify for "farm use" valuation, Taxpayers' property must satisfy two other definitional requirements of farm use, in addition to the income requirement. First, "farm

use" means the "current employment of land" for the primary purpose of obtaining a profit in money by certain specified acts. ORS 215.203(2)(a). Second, "[a]ny land which is not within a farm use zone but which is being used, and has been used for the preceding two years, exclusively for farm use" shall be valued at true cash value for farm use and not at the (usually higher) value it would have if the land were applied to other than farm uses. ORS 308.370(2). Thus, to qualify for the "farm use" valuation, property like Taxpayers' that is not within an exclusive farm use zone must have been used exclusively for the last two years preceding the assessment year in question, and must be in use during the assessment year in question, for farming purposes.

Taxpayers argue that they meet the income requirements and that the land has been used appropriately to qualify for the special status in three of the last five years, has not been used in any manner inconsistent with that status, and has continuously been available for lease for the appropriate purpose. None of those facts changes the legal requirements of the statute.

The Oregon Tax Court held, and we agree, that Taxpayers' property did not meet the definitional requirements of farm use for the 1987 tax year. It was not, during the 1987 tax year, "currently" in farm use, thereby failing to qualify under ORS 215.203(2)(a) and 308.370(2). "Current" use is a statutory prerequisite to qualification for the special tax status. The Tax Court did not err.

Taxpayers argue, alternatively, that they were denied due process when the Department, on Taxpayers' original appeal of the assessment, affirmed the assessment on a ground — lack of "current" use — different than that cited by the assessor. Assuming (without deciding) that Taxpayers would have been entitled to another opportunity to be heard before the Department (had they asked for it) once they received notice that "current" use of the property was an issue, Taxpayers nonetheless received a full and fair *de novo* hearing after notice concerning this issue on their appeal to the Oregon Tax Court. There was no denial of due process.

The judgment of the Oregon Tax Court is affirmed.